213 N.J. Super. 562 (1986)
517 A.2d 1219
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RONALD JONES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1986.
Decided November 13, 1986.
*564 Before Judges MICHELS and O'BRIEN.
Alfred A. Slocum, Public Defender, attorney for appellant (Charles H. Landesman, Designated Counsel, of counsel and on the brief).
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (Linda K. Calloway, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Tried to a jury, defendant Ronald Jones was convicted of (1) two counts of armed robbery, crimes of the first degree, in *565 violation of N.J.S.A. 2C:15-1 (First Count and Fourth Count); (2) two counts of aggravated assault, crimes of the third degree in violation of N.J.S.A. 2C:12-1b(2) (Second Count and Fifth Count); (3) possession of a weapon, to wit, a razor, under circumstances not manifestly appropriate for such lawful uses as it may have, a crime of the fourth degree, in violation of N.J.S.A. 2C:39-5d (Third Count); and (4) possession of a weapon, to wit, a razor, with a purpose to use it unlawfully, a crime of the third degree, in violation of N.J.S.A. 2C:39-4d (Sixth Count). The trial court (1) committed defendant to the custody of the Commissioner of the Department of Corrections (Commissioner) for concurrent terms of 15 years and assessed penalties aggregating $525, payable to the Violent Crimes Compensation Board for the two armed robberies (First and Fourth Counts); (2) committed defendant to the custody of the Commissioner for a consecutive term of four years for the one aggravated assault (Second Count) and for a concurrent term of four years for the other aggravated assault (Fifth Count) and also assessed penalties aggregating $50; and (3) committed defendant to the custody of the Commissioner for a concurrent term of four years and assessed a penalty of $25 for each of the possession of weapon convictions (Third Count and Sixth Count). In addition, the trial court imposed a parole disqualifier of five years upon defendant but did not assign the parole ineligibility term to a specific sentence or count of the indictment. Thus, in the aggregate, defendant was sentenced to 19 years imprisonment, with a five-year-period of parole ineligibility, and penalized $625. Defendant appeals, seeking a reversal of his convictions or, alternatively, a modification of his sentences on the following grounds set forth in his brief:

 POINT I THE COURT'S CHARGE TO THE JURY WITH RESPECT
 TO FLIGHT ON THE PART OF THE DEFENDANTS WAS
 PREJUDICIAL BECAUSE THE COURT FAILED TO STATE
 THAT DEFENDANT OFFERED AN EXPLANATION FOR
 LEAVING THE SCENE.[1]

*566
 POINT II THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN
 HE REFUSED TO SUBMIT THE ENTIRE CHARGE IN
 WRITTEN FORM TO THE JURY. (RAISED BY
 CO-DEFENDANT).
 POINT III A TOTAL SENTENCE OF NINETEEN YEARS FOR
 THESE CRIMES WAS EXCESSIVE.
 POINT IV DEFENDANTS CONVICTION ON COUNTS TWO, THREE,
 FIVE AND SIX SHOULD HAVE MERGED WITH THE
 CONVICTIONS ON COUNTS ONE AND FOUR. (NOT
 RAISED BELOW).
 POINT V THE CONCURRENT SENTENCE OF FOUR YEARS IMPOSED
 ON COUNT THREE WAS ILLEGAL.

We have carefully considered these contentions and all of the arguments advanced by defendant in support of them and find that, with the exception of the challenges raised in Points IV and V of defendant's brief, they are clearly without merit. R. 2:11-3(e)(2).
We turn first to defendant's claim that there should have been a merger of his convictions (Point IV). Although defendant did not raise this issue before the trial court, he now contends that his convictions for aggravated assault (Second and Fifth Counts) and his convictions for unlawful possession of a weapon (Third and Sixth Counts) should merge with his convictions for armed robbery (First and Fourth Counts), and that, therefore, he only should have been sentenced on the latter two convictions. Defendant argues that because each count of unlawful possession charged him with possession of the same razor, they should merge. In the same vein, he argues that "[t]he proofs adduced at the trial ... indicated that [he] had a razor or blade in his hand while the attempted robberies and assaults took place." Thus, according to defendant, the evidence which led to his convictions for the armed robberies was identical to that which supported his assault and weapon possession convictions. He therefore reasons that the aggravated assault convictions, together with the weapon possession *567 convictions, should merge with the armed robbery convictions and the sentences imposed on the Second, Third, Fifth and Sixth Counts should be vacated.
In evaluating a claim premised on the doctrine of merger, our courts have been guided by the fundamental principle that "[i]f an accused has committed only one offense, he cannot be punished as if for two." State v. Davis, 68 N.J. 69, 77 (1975); State v. Best, 70 N.J. 56, 60-61 (1976). See also N.J.S.A. 2C:1-8 (which codifies the judicial analysis required in merger issues). The rule was stated by Judge (later Justice) Francis in State v. Hill, 44 N.J. Super. 110, 112 (App.Div. 1957) as follows:
The test to be applied in deciding the issue of merger is whether a particular act involved in a single transaction is a distinct criminal affair or an integral part of the principal offense charged. A prosecution for any part of a single crime bars any additional prosecution or sentence for the whole crime or any other constituent element of the whole crime. State v. Labato, 7 N.J. 137, 145, 146, 150 (1951); State v. Mowser, 92 N.J.L. 474, 483 (E. & A. 1919); State v. Cooper, 13 N.J.L. 361, 375 (Sup.Ct. 1833); 15 Am.Jur., Criminal Law, § 386, p. 388 (1938). See also State v. Jamison, 64 N.J. 363, 380 (1974).
In addition to using this formulation, courts have relied upon the "same evidence" test and also a test which focuses upon the statutes violated. The statutory approach provides that "[i]f each statute [under which a defendant has been convicted] requires proof of a fact which is not required by the other, then the offenses are not the same and there is no merger." State v. Johnson, 203 N.J. Super. 127, 135 (App.Div. 1985), certif. den., 102 N.J. 312 (1985). More recently courts have employed broad, flexible concepts in resolving questions of merger.
Such an approach would entail analysis of the evidence in terms of, among other things, the time and place of each purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed. Certainly there are other factors to be considered and, along with the above, accorded greater or lesser weight depending on the circumstances of the particular case. [Davis, supra, 68 N.J. at 81].
*568 See also, State v. Truglia, 97 N.J. 513, 518-522 (1984); State v. Mirault, 92 N.J. 492, 501-504 (1983); Best, supra, 70 N.J. at 61-63.
Tracking defendant's argument, we first consider whether the unlawful possession convictions (Third and Sixth Counts) should merge. N.J.S.A. 2C:39-4d, which is the statutory basis for defendant's conviction on the Third Count, provides:
Any person who has in his possession any weapon, except a firearm, with a purpose to use it unlawfully against the person or property of another is guilty of a crime of the third degree. [Emphasis supplied].
N.J.S.A. 2C:39-5d, the unlawful possession statute under which defendant was charged and convicted in the Sixth Count, provides:
Any person who knowingly has in his possession any .. . weapon [other than a machine gun, handgun, rifle or shotgun] under circumstances not manifestly appropriate for such lawful uses as it may have is guilty of a crime of the fourth degree.
The proof required for conviction under N.J.S.A. 2C:39-5d is the knowing possession of a weapon under circumstances not manifestly appropriate for a lawful use. State v. Lee, 96 N.J. 156, 163-164 (1984). Under N.J.S.A. 2C:39-4d, "in addition to proving knowing possession of a weapon, the State must prove an unlawful purpose." Johnson, supra, 203 N.J. Super. at 135 (Emphasis supplied). Thus, all the elements of N.J.S.A. 2C:39-5d are part of the proof necessary to establish a violation of N.J.S.A. 2C:39-4d. The offense set forth in N.J.S.A. 2C:39-5d is a lesser included offense of the crime set forth in N.J.S.A. 2C:39-4d. Therefore, we hold that defendant's conviction under N.J.S.A. 2C:39-5d (Third Count) merges with his conviction under N.J.S.A. 2C:39-4d (Sixth Count).
Another aspect of the merger issue is whether defendant's convictions for unlawful possession should merge with his convictions for aggravated assault. Here, again, Johnson is instructive. The defendant in Johnson was convicted of aggravated assault, possession of a handgun without a permit and possession of a weapon for an unlawful purpose. We explained that

*569 [u]nder N.J.S.A. 2C:12-1b(1), aggravated assault, the State is required to show that a person attempted to cause or caused serious bodily injury purposely or knowingly, or under circumstances manifesting extreme indifference to the value of human life, recklessly caused serious bodily injury. [Id. at 135].
After enumerating the constituent elements of the unlawful possession offenses set forth in N.J.S.A. 2C:39-5b and N.J.S.A. 2C:39-4, we concluded that "[t]he two possession offenses have no elements in common with aggravated assault. It is clear that ... the crimes are completely separate and distinct." Ibid. Consequently, we hold here, as we did in Johnson, that the merger doctrine is inapplicable because "[a] guilty verdict on the possession charge[s] could be reached without proof of the assault, and proof of the illegality of possession was not necessary for the aggravated assault charge." Id. at 136.
Similarly, an examination of N.J.S.A. 2C:15-1, the provision defining robbery, is necessary to determine if defendant's unlawful possession conviction under N.J.S.A. 2C:39-4d (Sixth Count) merges with his armed robbery convictions (First and Fourth Counts). In pertinent part, N.J.S.A. 2C:15-1 provides:
(a) A person is guilty of robbery if, in the course of committing a theft, he (1) Inflicts bodily injury or uses force upon another ...
(b) Robbery is a crime of the second degree, except that it is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon. [Emphasis supplied].
Paragraph b of N.J.S.A. 2C:15-1 makes clear that mere possession of a deadly weapon during the commission of a theft suffices to elevate robbery to a first degree crime. In this case, the First and Fourth Counts of the indictment charged defendant with first degree robberies on the ground that he was armed with and threatened to use a deadly weapon.
Clearly, the elements of N.J.S.A. 2C:39-4d are not mirrored by those of paragraph b of N.J.S.A. 2C:15-1. N.J.S.A. 2C:39-4d may be violated by the possession of any weapon other than a firearm if the possession is coupled with an unlawful purpose. On the other hand, paragraph b of N.J.S.A. 2C:15-1 requires that the weapon be deadly but does not impose a mens rea *570 requirement of purpose. Thus, defendant's conviction under N.J.S.A. 2C:39-4d (Sixth Count) does not merge with his convictions under N.J.S.A. 2C:15-1 (First and Fourth Counts).
Finally, defendant contends that the aggravated assault convictions under N.J.S.A. 2C:12-1b(2) (Second and Fifth Counts) should merge with the armed robbery convictions under N.J.S.A. 2C:15-1 (First and Fourth Counts). Defendant's convictions for aggravated assault were based on his having caused bodily injury with a deadly weapon. The evidence relied upon to boost the robbery offense to a first degree crime was defendant's being armed with and threatening the immediate use of a deadly weapon. Moreover, defendant continued to inflict bodily injury upon the victims long after the robbery offense was committed. Thus, the use of the razor to inflict harm was a separate transaction from the threats made with the razor to facilitate the robbery, and therefore defendant's convictions for aggravated assault do not merge with his convictions for armed robbery. See State v. Carlos, 187 N.J. Super. 406 (App.Div. 1982), which supports the result reached here. As Mirault is factually distinguishable, defendant's reliance upon that decision to support the contrary conclusion is misplaced.
Accordingly, we hold that defendant's conviction for possession in violation of N.J.S.A. 2C:39-5d (Third Count) merges with his conviction for possession in violation of N.J.S.A. 2C:39-4d (Sixth Count) and therefore the former conviction is reversed and the sentence imposed thereon is vacated. With that exception, defendant's arguments for merger fail and his convictions are affirmed.
Turning to defendant's claim that the concurrent four-year sentence imposed upon him for unlawful weapon possession in violation of N.J.S.A. 2C:39-5d (Third Count) is illegal, we *571 point out that this crime is a fourth degree offense which, pursuant to N.J.S.A. 2C:43-6a(4), is punishable by a custodial term not to exceed 18 months. The State concedes that the trial court's imposition of a four-year concurrent term for this conviction was illegal. Ordinarily, we would vacate this sentence and remand the matter to the trial court for resentencing in accordance with N.J.S.A. 2C:43-6a(4). However, in view of the fact that we have merged defendant's possessory conviction under N.J.S.A. 2C:39-5d (Third Count) with his possessory conviction under N.J.S.A. 2C:39-4d (Sixth Count), this measure is unnecessary.
Finally, although defendant does not raise this issue, the State notes that the trial court imposed the minimum parole ineligibility term on the aggregate sentence rather than on a specific sentence or specific count of the indictment. See N.J.S.A. 2C:43-6(b) and N.J.S.A. 2C:43-7(b). In State v. Cianci, 18 N.J. 191, 194 (1955), cert. den. 350 U.S. 1000, 76 S.Ct. 555, 100 L.Ed. 864 (1956) and 353 U.S. 940, 77 S.Ct. 819, 1 L.Ed.2d 763 (1957), our Supreme Court held that a defendant must be sentenced separately on each count of the indictment. The failure to do so in this case with respect to the imposition of the parole ineligibility term constituted error which must be corrected by the trial court. See R. 1:13-1; Cf. State v. Green, 129 N.J. Super. 157 (App.Div. 1974).
In conclusion, we reverse defendant's conviction for possession of a weapon in violation of N.J.S.A. 2C:39-5d (Third Count), vacate the sentence imposed thereon and remand the matter to the trial court so that the error made in imposing the period of parole ineligibility may be cured. In all other respects, the judgment of conviction and order of commitment under review are affirmed. On remand the trial court should enter an amendatory judgment consistent with the views expressed herein. We do not retain jurisdiction.
NOTES
[1] Today we are affirming the convictions of codefendant Maurice Clark for armed robbery (First Count) and aggravated assault (Second Count) in an unpublished opinion. (State v. Clark, A-1690-82T4).