39 A.3d 171

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
SALLY A. MCDONALD, DEFENDANT–APPELLANT.

Argued September 12, 2011—Decided February 6, 2012.

Patterson, J., filed dissenting opinion in which Hoens, J., and
Wefing, Judge (temporarily assigned), joined.

*James K. Smith, Jr.*, Assistant Deputy Public Defender, argued the cause for appellant (*Joseph E. Krakora*, Public Defender, attorney).

*Mary R. Juliano*, Assistant Prosecutor, argued the cause for respondent (*Peter E. Warshaw, Jr.*, Monmouth County Prosecutor, attorney; *Ms. Juliano* and *Patricia B. Quelch*, Assistant Prosecutor, of counsel and on the briefs).

*Natalie A. Schmid Drummond*, Deputy Attorney General, argued the cause on behalf of amicus curiae Attorney General of New Jersey (*Paula T. Dow*, Attorney General, attorney).

Justice LaVECCHIA delivered the opinion of the Court.

This appeal is the companion to *State v. Hudson*, 209 *N.J.* 513, 39 *A.*3d 150 (2012), because it also involves the application of *N.J.S.A.* 2C:44–5(b) to an extended-term sentence. Here, the sentence was imposed on defendant Sally McDonald for an offense committed prior to an offense for which she already was serving another extended-term sentence. As in *Hudson*, the second extended term was imposed in a separate sentencing proceeding from that in which the first extended-term sentence was imposed. Consistent with the interpretation given *N.J.S.A.* 2C:44–5 in *State v. Hudson, supra*, we now reverse and remand for resentencing because it was error for the sentencing court to have imposed a second extended-term sentence on defendant in these circumstances.

I.

The procedural context to the sentencing in this matter requires brief summary. This appeal is taken from defendant's sentencing on charges that originated on August 21, 2006, when she and her father were indicted in Monmouth County Indictment No. 06–08–1822 for second-degree theft by deception for conduct occurring "on diverse dates from late 2000 to January, 2006" (Count One)

and for fourth-degree forgery for conduct occurring "on or about diverse dates in 2003 through January, 2006" (Count Six).

The underlying facts are that McDonald borrowed $1.7 million from her victim, J.P., under the pretense that she would use the money to buy a Kentucky horse farm. In reality, McDonald intended to use, and did use, the money for her own purposes, not to purchase a horse farm. For six years, J.P. sought repayment, while McDonald presented him with false information and fraudulent documentation to support her fabrication that the money had been frozen by the courts. In creating the fraudulent documents, McDonald (and allegedly her co-defendant father) forged the signatures of a public defender and an assignment judge. The defendants also uttered numerous bad checks and doctored bank statements to create the impression of a positive bank balance.

After the indictment issued, McDonald executed a plea agreement, pursuant to which she entered an open plea—one making her "subject to the maximum statutory time" for the offenses—on Counts One and Six of the indictment. The plea form also indicated that McDonald was "subject to a discretionary extended term." The court accepted McDonald's plea on June 2, 2008. During the plea colloquy, McDonald acknowledged that she was subject to a discretionary extended term on the second-degree theft-by-deception charge. She also acknowledged understanding that, with the extended term, she faced a maximum term on the two offenses of twenty-one-and-one-half years and that, because her plea was open ended, any sentence could be consecutive to the sentence of eight years with a three-year period of parole ineligibility that she was serving at the time of sentencing.

At sentencing on August 8, 2008, the State moved for a discretionary extended term and noted that McDonald was presently serving an eight-year term[1] with a three-year period of parole ineligibility "for similar crimes that were committed all within the

---

[1] As discussed *infra,* this eight-year term with a three-year period of parole ineligibility is an extended term.

same time frame of the present crime." Defense counsel did not dispute that McDonald met the requirements of a persistent offender under *N.J.S.A.* 2C:44–3, but argued that pursuant to *N.J.S.A.* 2C:44–5(a) she should not receive another extended term in addition to the one she was serving. The court agreed with the prosecutor that although the court could not impose an extended term on both of the counts before it, the statute did not mean that if McDonald "received an extended term once in the past, she can never get another one."

The judge concluded that McDonald qualified for an extended term and that, under *State v. Pierce*, 188 *N.J.* 155, 169, 902 *A.*2d 1195 (2006), and *N.J.S.A.* 2C:43–7(a)(3), the range of the sentence on McDonald's second-degree offense was between five (bottom of ordinary-term range) and twenty (top of extended-term range) years. The State sought a ten-year sentence with a five-year period of parole ineligibility and requested that the sentence be served consecutively to McDonald's other prison terms. Defense counsel argued against a consecutive extended term and requested instead a flat sentence between eight and ten years to be served concurrently with the sentences she was presently serving.

Calling McDonald's prior record "deplorable," in that her criminal record started in 1986 as a juvenile, her first adult arrest was in March 1990, and her record continued through the time of sentencing in 2008, the court concluded that McDonald was a danger to the public in that she "resorts to fraud to meet her financial needs." The court found the presence of aggravating factors three (risk defendant will commit another offense), six (extent of defendant's prior record and seriousness of offenses), and nine (need to deter defendant and others), *see N.J.S.A.* 2C:44–1(a), and found no mitigating factors, *see N.J.S.A.* 2C:44–1(b). The court specifically rejected defense counsel's argument on mitigating factor one that "defendant's conduct neither caused nor threatened serious harm," *N.J.S.A.* 2C:44–1(b)(1), because she stole over one million dollars from a victim, and also rejected mitigating factor six that "defendant has compensated or will

compensate the victim," *N.J.S.A.* 2C:44–1(b)(6), because, even though there were civil cases pending for the money stolen, the court did not believe that the instant victim would be compensated. Finding further that the aggravating factors outweighed the mitigating factors and that a consecutive sentence was appropriate because the present crime was separate from the crimes for which McDonald was presently serving prison terms, the court imposed the sentence under appeal.

On the second-degree theft-by-deception charge (Count One), the court imposed an extended-term sentence of a twelve-year term with a six-year period of parole ineligibility to run consecutively to the sentence McDonald was presently serving. On the fourth-degree forgery charge (Count Six), the court imposed an eighteen-month term to run concurrently with Count One. The court awarded gap-time credits because the offenses were pending at the time she was sentenced on her prior offense. The Appellate Division affirmed in an unpublished decision and we granted defendant's petition for certification. *State v. McDonald,* 205 *N.J.* 79, 12 *A.*3d 211 (2011).

## II.

Importantly, for present purposes in this appeal, we must consider the state of defendant's prior convictions and sentences. According to the presentence report, at the time she was sentenced for the offenses at issue, McDonald had a juvenile offense from 1986 and fifteen adult charges in Municipal or Superior Court beginning in 1990, which resulted in three Municipal Court convictions and nine prior Superior Court convictions. McDonald's nine Superior Court convictions all related to bad-checks or theft offenses, and all involved different victims.

Prior to the sentencing at issue, McDonald was sentenced as follows on five occasions for those earlier convictions: (1) October 12, 2004 on Indictment Nos. 03–03–490 and 03–07–1388 to sixty months probation; (2) December 10, 2004 on Indictment No. 04–05–935 to two years probation; (3) December 23, 2004 on Indict-

ment Nos. 04–01–171, 04–02–297, and 04–04–834 to a total of sixty months probation; (4) September 7, 2007 for revocation of probation on Indictment Nos. 04–01–171, 04–02–297, and 04–04–834 and for sentencing on Indictment Nos. 06–08–1903, 06–10–2371, and 06–08–1910; and (5) November 16, 2007 for revocation of probation on Indictment No. 04–05–935 to a concurrent flat three-year sentence. Among that array of convictions, of particular relevance is the previously imposed extended-term sentence.

As noted, McDonald was indicted on June 8, 2006, on Indictment No. 06–08–1910, for two counts of third-degree bad checks and one count of third-degree theft of services. According to the indictment, she committed those offenses between May and July of 2006. She entered into a plea agreement concerning that indictment and several others, whereby she agreed to an extended term on one of the third-degree bad-checks offenses, with other sentences to be concurrent to that one. On September 7, 2007, she was sentenced to, among other things, an eight-year extended-term sentence with a three-year period of parole ineligibility on the third-degree bad-checks offenses from Indictment No. 06–08–1910.[2]

In sum, due to the prior indictments, and the present sentence that adds to the sentence she was serving, McDonald's aggregate

---

· [2] An error occurred in the imposition of the extended-term sentence under review. The judgment of conviction reveals that the single extended term for a third-degree offense was imposed on all three third-degree offenses in Indictment No. 06–08–1910. However, a court cannot impose an aggregate sentence but rather must sentence on individual counts. *See State v. Orlando,* 269 *N.J.Super.* 116, 141, 634 A.2d 1039 (App.Div.1993), *certif. denied,* 136 *N.J.* 30, 641 A.2d 1040 (1994); *State v. Subin,* 222 *N.J.Super.* 227, 240–41, 536 A.2d 758 (App.Div.), *certif. denied,* 111 *N.J.* 580, 546 A.2d 506 (1988); *State v. Jones,* 213 *N.J.Super.* 562, 571, 517 A.2d 1219 (App.Div.1986), *certif. denied,* 107 *N.J.* 90, 526 A.2d 167 (1987); *State v. Alevras,* 213 *N.J.Super.* 331, 342, 517 A.2d 460 (App.Div.1986). A single extended term could have been imposed only on one of the third-degree offenses with concurrent regular-term sentences on the other two third-degree offenses. For purposes of this opinion, we do not refer to any specific count of this indictment when discussing the extended-term sentence under review.

sentence is twenty years with a nine-year parole disqualifier. The primary issue before us in this grant of certification is the import of *N.J.S.A.* 2C:44-5(b)(1) when assessing the legality of the second-in-time extended-term sentence imposed on McDonald.

## III.

As we held in our companion decision issued today, *State v. Hudson, supra,* and for the reasons we considered in omnibus fashion in that opinion, we adhere to a plain-meaning reading of the language of *N.J.S.A.* 2C:44-5(b)(1), compelling the conclusion that it was legal error to have imposed a second extended-term sentence on McDonald for an offense that she pled to second in time but that was committed earlier than the imposition of the extended-term sentence she is serving. The timing and sequence of her offenses and sentencing bring her under *N.J.S.A.* 2C:44-5(b)(1)'s literal application. Hence, the proscription against multiple extended-term sentences, incorporated from *N.J.S.A.* 2C:44-5(a) through subsection b, was applicable to McDonald and must be implemented. Because the sentence imposed transgressed the legislative policies of *N.J.S.A.* 2C:44-5, defendant's extended-term sentence must be reversed.

To the extent that McDonald also challenges her sentence on the basis that the court did not provide an adequate statement of reasons regarding the weighing of the *Yarbough*[3] factors when imposing a consecutive sentence, and that the court double counted her prior record by using it as an aggravating factor and as a basis for imposing an extended term, we add that neither argument would compel a reversal of the sentence. However, since we are remanding for resentencing due to the multiple extended terms, we leave to the court's discretion whether, on resentencing, to augment the reasoning for imposing a consecutive sentence because more, rather than less, of an explanation is always of assistance to the parties and any reviewing court. The aggrava-

---

[3] *State v. Yarbough,* 100 *N.J.* 627, 644, 498 A.2d 1239 (1985).

ting and mitigating factors will, of necessity, require reexamination in the resentencing.

## IV.

We reverse the imposition of a second extended-term sentence in this matter as contrary to *N.J.S.A.* 2C:44–5(b)(1), and remand to permit defendant's resentencing.

Justice PATTERSON, dissenting.

As the majority notes, the statute construed in this case, *N.J.S.A.* 2C:44–5(b), provides that "[w]hen a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence ... (1) [t]he multiple sentences imposed shall so far as possible conform to subsection a. of this section." *N.J.S.A.* 2C:44–5(b) to –5(b)(1). *N.J.S.A.* 2C:44–5(a)(2) provides that "[n]ot more than one sentence for an extended term shall be imposed." For the reasons expressed in my dissenting opinion in the companion case *State v. Hudson,* 209 *N.J.* 513, 39 *A.*3d 150 (2012), I would construe the language "so far as possible" in *N.J.S.A.* 2C:44–5(b)(1) to permit sentencing courts limited discretion in sentencing pursuant to this provision. Accordingly, I would affirm the determination of the Appellate Division.

This case illustrates the importance of the limited discretion that, in my view, was intended by the Legislature when it enacted *N.J.S.A.* 2C:44–5. When she was sentenced for the offense now before the Court, defendant had three prior Municipal Court convictions and nine prior Superior Court convictions, each relating to bad checks or theft, and each involving a different victim. At the time of her September 7, 2007, sentencing for offenses committed in Monmouth County between May and July 2006, defendant had not yet been convicted of the second-degree offense that is the subject of this appeal. Accordingly, the trial court imposed an extended term of eight years on the highest-degree offenses before it, the third-degree bad-checks offenses. Pursuant

to *N.J.S.A.* 2C:43–7(a)(4), the trial court was permitted to impose an extended term sentence "for a term which shall be fixed by the court between five and 10 years." Because her extended term sentence was for a third-degree crime, her maximum exposure for that offense was ten years.

When defendant was sentenced on August 8, 2008, the trial court similarly chose the highest-degree crime before it for the imposition of an extended term sentence. That offense was second-degree theft by deception involving more than one million dollars. Because defendant's most serious crime was a second-degree offense, the imposition of an extended term increased defendant's maximum sentencing exposure from ten to twenty years.[1] Yet by virtue of the trial court's careful tailoring of defendant's sentence, her extended term sentence for her second-degree crime was twelve years, with a six-year period of parole ineligibility. Her combined sentence for all of her offenses was a term of twenty years, a sentence that was within the statutory range for a single extended term sentence for a second-degree offense. *N.J.S.A.* 2C:43–7(a)(3).

Had defendant been sentenced for all of her offenses at the same time before the same court, that court would have had the option of sentencing defendant to an extended term for her most serious offense. Because the sentences were imposed by different judges, however, the majority holds that the second sentencing court lacked the discretion to impose any extended term for the later-sentenced offenses—no matter how such a term would affect defendant's overall sentence. Under the majority's ruling, the sentencing court on remand will not have the discretion to sentence defendant to an extended term for the most serious of her many offenses. Accordingly, defendant's overall sentence will be determined by the sequence of her sentencing proceedings.

---

[1] While the ordinary term range for a second-degree offense is five to ten years, *N.J.S.A.* 2C:43–6(a)(2), the extended term range for a second-degree crime is five to twenty years. *N.J.S.A.* 2C:43–7(a)(3); *State v. Pierce,* 188 *N.J.* 155, 168, 902 *A.*2d 1195 (2006).

Today's decision thus gives defendant a significant advantage over comparable defendants whose crimes are sentenced together, by virtue of nothing more than an accident of timing. As this Court held in *Richardson v. Nickolopoulos*, 110 *N.J.* 241, 540 *A.*2d 1246 (1988), *N.J.S.A.* 2C:44–5(b) was enacted so that "to the extent possible, sentencing for multiple offenses should not produce disparate results because of the incidental chronology of sentencing." *Richardson, supra,* 110 *N.J.* at 255, 540 *A.*2d 1246. This case represents, in my view, precisely such a disparate result.

Accordingly, I respectfully dissent.

*For reversal and remandment*—Chief Justice RABNER and Justices LONG, LaVECCHIA and ALBIN—4.

*For affirmance*—Justices HOENS, PATTERSON and Judge WEFING (temporarily assigned)—3.