**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4012-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MICHAEL DERRY,

     Defendant-Appellant.

_____

Submitted September 30, 2025 – Decided October 8, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 03-07-1275.

Neil Law, LLC, attorneys for appellant (Durann A. Neil, Jr., on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Michael Derry appeals from a July 11, 2024 Law Division order denying his motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5).[1] Defendant contends his 2007 jury trial convictions for second-degree conspiracy to commit first-degree robbery, two counts of first-degree robbery, second-degree aggravated assault, third-degree aggravated assault, fourth-degree aggravated assault, third-degree unlawful possession of a handgun, second-degree possession of a handgun for an unlawful purpose, and second-degree possession of a handgun by a convicted person resulted in an illegal sentence of thirty-six years' imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant argues the consecutive sentence imposed on the second-degree aggravated assault charge should have merged as a matter of law with the first-degree robbery charge and must be vacated. Defendant also challenges the jail credits awarded.

The trial court concluded defendant had previously litigated and lost his consecutive sentencing argument on appeal. The trial court further determined we previously addressed defendant's jail credit argument on appeal and found it to lack merit. We are again unpersuaded by defendant's contentions. We affirm

---

[1] "A motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice." R. 3:21-10(b)(5).

2

the denial of defendant's motion because, contrary to defendant's arguments, his convictions for second-degree aggravated assault and first-degree robbery could not be merged in the manner defendant suggests because his crimes constituted separate offenses and required the jury to find different elements; and were all supported by independent evidence in the record. The issue of jail credits has also already been adjudicated. Therefore, we affirm.

I.

For purposes of the present appeal, we need not repeat in detail the facts surrounding defendant's commission of the subject crimes, his trial, or his conviction, as they are set forth at length in our earlier opinions on direct appeal, see State v. Derry, A-2229-07 (App. Div. Sept. 3, 2009) (Derry I), certif. granted, 201 N.J. 255 (2010), on appeal from the denial of his petition for post-conviction relief (PCR) in 2014, see State v. Derry, A-6282-11 (App. Div. Jan. 7, 2014) (Derry II); and on appeal from his second PCR petition and denial of reconsideration of dismissal of the second PCR, see State v. Derry, A-5674-14 (App. Div. Apr. 19, 2017) (Derry III). In all those appeals, defendant maintained his sentence was illegal, albeit for different reasons. We summarize the facts pertinent to the present matter.

3

On Mother's Day in May 2003, Ruben Marrero visited his girlfriend, who was having a small gathering. Ivan Hall and Kamal Sears were at the gathering. As Marrero left the gathering, defendant and Hall asked him for a ride. Marrero agreed, and both men got into the back seat of Marrero's car. After stopping at a red light, an unknown man jumped into the front passenger seat and threatened Marrero with a gun. A struggle ensued and Marrero gained possession of the gun. Defendant and Hall yelled at the man for losing the gun, and they beat Marrero in an attempt to get the gun.

Hall punched Marrero in the face, and defendant wrapped both of his arms around Marrero's neck, choking him, while the front seat passenger continued to punch him. Marrero let go of the gun. Defendant and the unknown man took money and jewelry from Marrero and exited the vehicle. Marrero yelled at Hall, whom he knew, about setting him up. The gun went off, shooting Marrero in the back, and leaving him paralyzed from the waist down.

Defendant filed a motion to correct an illegal sentence raising two issues: (1) his sentence was not imposed in accordance with the Code of Criminal Justice or our Supreme Court's holdings in State v. Mirault, 92 N.J. 492, 506 (1983) and State v. Tate, 216 N.J. 300, 306 (2013); and (2) the judgment of conviction did not correctly reflect 1,356 days of jail credit for time he spent in

custody prior to trial. The trial court denied the motion finding both issues were previously adjudicated. This latest appeal followed.

On this appeal, defendant raises the following sole contention for our consideration:

> THE [TRIAL] COURT'S ORDER DENYING THE DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE WAS NOT SUPPORTED BY SUFFICIENT, CREDIBLE EVIDENCE IN THE RECORD, THEREFORE, THE ORDER SHOULD BE REVERSED AND THE MATTER REMANDED FOR RESENTENCING.

## II.

"[A] truly 'illegal' sentence can be corrected 'at any time.'" State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) (quoting R. 3:21-10(b)(5)). "[A]n illegal sentence is one . . . 'not imposed in accordance with law.'" Id. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). As our Supreme Court explained in Acevedo, to make out a cognizable claim under Rule 3:21-10(b)(5), a defendant must challenge the legality of the sentence rather than its excessiveness. Id. at 46-47. Because defendant is challenging the legality of the consecutive sentences, his contentions are cognizable under Rule 3:21-10(b)(5).

The doctrine of merger prevents a defendant from being punished more than once for a single wrongdoing. N.J.S.A. 2C:1-8(a)(1). It is "based on the

concept that 'an accused [who] committed only one offense . . . cannot be punished as if for two.'" Tate, 216 N.J. at 302 (quoting State v. Davis, 68 N.J. 69, 77 (1975)).

When considering merger of convictions, a court first determines whether the Legislature intended to create separate offenses to determine whether a defendant may be punished for two convictions. Davis, 68 N.J. at 77-78. If it did, then the court must decide whether the offenses are so similar that conviction for both is nonetheless prohibited by the Constitution. Id. at 81. The court should consider the elements of the crime and the facts of the case "attended by considerations of 'fairness and fulfillment of reasonable expectations. . . .'" Ibid. (quoting State v. Currie, 41 N.J. 531, 539 (1964)).

The court must also consider "the time and place of each purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed." Tate, 216 N.J. at 307 (quoting Davis, 68 N.J. at 81). The weight that any factor receives "depend[s] on the circumstances of the particular case." Davis, 68 N.J. at 81.

A-4012-23

Relevant here, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding . . . or in any appeal taken from such proceedings." R. 3:22-5. In this case, on multiple occasions, we have addressed and rejected defendant's contentions regarding the decision to impose consecutive sentences. See Derry III, slip op. at 2-7. We previously agreed with the trial court that the conduct constituting the aggravated assault was an intentional criminal act not necessary to commit the robbery, since defendant's actions against Marrero were sufficient to establish a basis for the robbery conviction. Derry I, slip op. at 24-16.

The shooting that occurred thereafter constituted a separate offense warranting separate punishment. See State v. Jones, 213 N.J. Super. 562, 570 (App. Div. 1986) (noting the defendant continued to inflict bodily injury after committing the robbery; "[t]hus, the use of the razor to inflict harm was a separate transaction from the threats made with the razor to facilitate the robbery"). Here, merger was not required.

We agree with the trial court that defendant's motion to correct an illegal sentence was "clearly and squarely" decided by this court in Derry I, slip op. at 14-16. As noted, we have already concluded in a prior appeal that the record

supported the sentencing court's determination that the "shooting was a separate and distinct act of violence because the victim was shot after the armed robbery had already been accomplished." Ibid. We held the aggravated assault did not merge with the robbery. Ibid. That determination thus establishes the issue of merger and consecutive sentences was adjudicated, and no illegal sentence was imposed.

III.

Finally, we address defendant's contention that he was arrested on June 3, 2003, but only awarded jail credits from April 15, 2007, to August 29, 2007, for a total of 137 days. Defendant was awarded gap time credits from June 2, 2004, to April 14, 2006—682 days—because of a drug case he was also detained on at the same time the instant matter was pending. Defendant maintains that his judgment of conviction does not reflect his correct jail credits—1,356 days— as required by Rule 3:21-8.

Rule 3:21-8 provides that a "defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail or in a state hospital between arrest and the imposition of sentence." That credit for pre-sentence custody is commonly called "jail credits," which are "credit[ed] against the sentence for every day [the] defendant was held in custody for that offense prior

to sentencing." State v. Hernandez, 208 N.J. 24, 37 (2011). As explained in Hernandez, jail credits reduce a defendant's overall sentence and any term of parole ineligibility. Ibid. See also State v. Rippy, 431 N.J. Super. 338, 347-48 (App. Div. 2013).

In State v. C.H., 288 N.J. 111, 123 (2017), our Supreme Court modified Hernandez to make clear "double credit should not be awarded where a defendant is sentenced to consecutive sentences under separate indictments and receives the optimal benefits of jail credit for time spent in pre-sentence custody." The sentencing judge "should treat the sentences as a unified proceeding and maximize the benefits to the defendant by applying jail credit to the front end of the imprisonment term." Ibid. "To hold otherwise would lead to the perverse result that a defendant held in custody would be better off than one released on bail or supervision." Id. at 121. When Rule 3:21-8 applies, the award of jail credits is "mandatory, not discretionary." Hernandez, 208 N.J. at 37.

As the trial court aptly noted, we considered defendant's contention that he was entitled to additional jail credits in Derry III, slip op. at 4. We concluded defendant's second PCR petition—which included his argument on jail credits—was "utterly without merit." Id. at 6. Moreover, defendant's jail credit issue has

9

been addressed and rejected at least four times.  <u>Id.</u> at 2-7.  Defendant was duly awarded gap time—not jail credits—for his time spent in custody on an unrelated conviction.  <u>See</u> <u>State v. Franklin</u>, 175 N.J. 456, 462 (2003).  The judgment of conviction shall stand.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-4012-23