**Ted Louis VERTNER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1078S229.**

Supreme Court of Indiana.

Feb. 11, 1980.

Irving L. Fink, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon E. White, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged in a two-count indictment with felony murder and first-degree murder. He subsequently entered a plea of guilty to the included offense of second-degree murder. After hearing evidence, the trial judge accepted the plea of guilty and after pre-sentence investigation, sentenced the appellant to the Indiana Diagnostic Center for a period of not less than fifteen nor more than twenty-five years. Nearly three years later the appellant filed a petition for post-conviction relief in the Johnson Circuit Court. Following a hearing on this petition the trial judge denied the relief. This is an appeal from that judgment.

Appellant claims the trial court erred in failing to determine whether he understood the nature of the charge against him. It is appellant's position that during the guilty plea proceedings the trial court did not specifically discuss with appellant, or his attorney, under which count he was pleading guilty. He further states that when he entered his plea of guilty the indictment was not read to him nor was he advised that the offense of second-degree murder has the three elements of (1) the killing of a human being, (2) done purposely and (3) maliciously, citing Blackburn v. State (1973) 260 Ind. 5, 291 N.E.2d 686. He claims this oversight was compounded by the trial court's failure to follow the mandate of IC § 35–4.1–1–3(b), which prohibits a court from accepting a plea of guilty from a defendant without first advising him that his plea of guilty is an admission of the truth of the facts alleged in the indictment, or to an included offense. He claims that the trial court's failure in this regard is especially critical because the appellant was not formally charged with second-degree murder, but that his plea to that charge was entered as an included offense to the indictment. He therefore reasons that the defendant thus entered a plea to an offense to which he was not formally charged and the elements of which were not explained to him by the court. He claims this procedure violated the principles of law set forth by the United States Supreme Court in Henderson v. Morgan (1976) 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108.

However, the factual situation in Henderson is far different than the case at bar. In Henderson the defendant had been an inmate in the Rome State School for Mental Defectives, where he was classified as "retarded." The school placed him as a farm laborer with a Mrs. Francisco, during which time she threatened to return him to State custody. After the argument he decided to run away, but prior to leaving, entered Mrs. Francisco's bedroom carrying a knife. He stated that he intended to collect his earned wages before leaving. However when Mrs. Francisco started screaming he stabbed her. He then left taking a small amount of money and Mrs. Francisco's car. He was charged with first degree murder but was later allowed to plead guilty to second degree murder. However, the trial court, in accepting the plea, did not explain to him the elements of the crime which the State was required to prove if he were placed on trial. As set out in the opinion of the Supreme Court, "It could easily be doubted under the circumstance as to whether or not the defendant, Morgan, was in fact guilty of any degree of murder or whether his actions were in fact consistent with innocence or possibly manslaughter."

In the case at bar the appellant admittedly entered a place of business carrying a shotgun with the intent of perpetrating a robbery. When the decedent acted in a threatening manner the appellant started backing away holding the shotgun pointed at the decedent and tripped over something on the floor, causing him to discharge the shotgun, killing the decedent. The actions charged and freely admitted by the appellant constituted murder felony under the Indiana statute then in force, the same being IC § 35–13–4–1. This Court has held that when there is a killing in the perpetration or attempt to perpetrate a robbery under this statute, the homicide is murder in the first degree even though there is no actual purpose or intent to kill on the part of the defendant. *Jones v. State* (1964) 244 Ind. 682, 195 N.E.2d 460, *cert. denied* (1972) 408 U.S. 927, 92 S.Ct. 2511, 33 L.Ed.2d 339. It is appellant's claim however that the State is in no position to invoke the murder felony doctrine because of the second charge in the indictment, merely charging first degree murder. Appellant further argues that since there is no included offense in the felony murder doctrine the State was in fact allowing appellant to plead guilty to an included offense to the ordinary murder charge, thus there is a fatal defect in the trial court failing to advise appellant of the elements of purpose and intent necessary on an ordinary first degree murder charge or on a second degree murder charge. We cannot agree with the appellant in this analysis.

There is no question from the allegations made in the indictment in this case that the appellant was accused of committing felony murder. There is also no doubt from the testimony given by the appellant at the time he entered his plea that he was in fact guilty of the killing of a human being while in the perpetration of an armed robbery. Thus the elements and possibilities contained in *Henderson* are not present in the case at bar. Under the facts recited, no purpose or intent on the part of the appellant to kill the decedent was necessary. In *Henderson* there was a realistic possibility, if not a probability, that the

State would not be able to make a *prima facie* case of first degree murder, whereas in the case at bar, had the State been required to go to trial, the evidence available was solely that of the perpetration of a killing in the commission of a felony. The fact that the State relented and permitted a plea bargain to be made to allow appellant to enter a plea of guilty to a lesser offense allowable under the second count of the indictment does not change these facts. After receiving the benefit of a plea bargain, which was a virtual gift on the part of the State, we cannot permit the appellant in his post-conviction relief petition to now make a mockery of justice and argue that the judge committed reversible error in failing to advise him on elements of an offense for which he would never have been tried. In cases such as *Henderson* there is a real and valid reason to require the court to make sure the person entering his plea thoroughly understands that if he pleads "not guilty" the State will be required to prove certain facts. In cases such as the one at bar, where in an actual trial the State would have no burden to prove purpose or intent to kill, it is unrealistic to require such an instruction to the appellant upon receiving his plea under a plea bargain arrangement. We therefore hold there was no error in the handling of appellant's plea or the sentencing thereunder.

Appellant also claims his plea of guilty is not supported by an adequate, factual basis. Here again he argues that there was no showing that the killing was purposely or maliciously done, citing the facts stated by the appellant himself that the gun accidently fired when he tripped over something on the floor. Here again, as above stated, there was no necessity for the State to show that appellant purposely or maliciously accomplished a killing. In fact, even though the appellant would be successful in showing that the killing was accidental, he would nevertheless be guilty of murder in the first degree in view of the undisputed fact that he was on the premises armed with a shotgun for the purpose of perpetrating a robbery. *Jones v. State, su-*

*pra.* We find no error in the decision of the trial court.

The trial court is, in all things, affirmed.

HUNTER, PIVARNIK and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result without opinion.