# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1819-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CARL SODEN,

    Defendant-Appellant.

_____

Submitted March 8, 2021 – Decided May 27, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 80-03-0920.

Carl Soden, appellant pro se.

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Carey J. Huff, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Carl Soden appeals from an August 27, 2019 order denying his motion to correct an illegal sentence. His appeal stems from his fourth post-conviction challenge to his aggregate sentence of one hundred years with fifty years of parole ineligibility for various offenses, including kidnapping, weapons possession, and multiple aggravated sexual assaults.

We previously affirmed defendant's sentence on three occasions: on direct appeal in 1983, see State v. Soden, A-904-81 (App. Div. Feb. 23, 1983), certif. denied, 94 N.J. 514 (1983) (Soden I); on appeal from the denial of his petition for post-conviction relief (PCR) in 1998, see State v. Soden, A-1197-96 (App. Div. Oct. 23, 1998), cert. denied, 158 N.J. 72 (1999) (Soden II); and on appeal from denial of his 2008 motion to correct an illegal sentence, see State v. Soden, A-2327-08 (App. Div. Jan. 15, 2010) (Soden III). In all of these appeals, defendant maintained that his sentence was illegal, albeit for different reasons than he now argues.

In the present appeal, defendant specifically argues

> POINT I
>
> [THE] PCR JUDGE ERRED IN DECIDING THAT THE LAW OF THE CASE DOCTRINE APPLIED TO THE ISSUE OF MERGER IN DEFENDANT'S PCR.
>
> POINT II

[THE] PCR JUDGE ERRED IN FAILING TO MERGE DEFENDANT'S BURGLARY CONVICTION INTO THE FIRST[-]DEGREE AGGRAVATED SEXUAL ASSAULT, [N.J.S.A.] 2C:14-2[(a)](3) CONVICTION.

POINT III

[THE] PCR JUDGE ERRED IN FAILING TO MERGE DEFENDANT'S THIRD[-]DEGREE POSSESSION OF A WEAPON (KNIFE) FOR AN UNLAWFUL PURPOSE, [N.J.S.A.] 2C:39-4(d) CONVICTION INTO THE FIRST[-]DEGREE AGGRAVATED SEXUAL ASSAULT, [N.J.S.A.] 2C:14-2[(a)](4) CONVICTION.

POINT IV

[THE] PCR JUDGE ERRED IN FAILING TO MERGE DEFENDANT'S FOURTH[-]DEGREE UNLAWFUL POSSESSION OF A WEAPON, (KNIFE) [N.J.S.A.] 2C:39-5(d) CONVICTION INTO THE SECOND[-]DEGREE BURGLARY, [N.J.S.A.] 2C:18-2.

POINT V

[THE] PCR JUDGE ERRED IN NOT VACATING MERGER COUNTS.

We are again unpersuaded by defendant's contention. We affirm the denial of defendant's motion because, contrary to defendant's arguments, his convictions for weapons offenses could not be merged in the manner defendant suggests, as his crimes constituted separate offenses and required different elements to be found before the jury could convict, and they were all supported

3                                                    A-1819-19

by independent evidence in the record. Moreover, the properly merged counts could not be unmerged so as to extinguish his conviction on those charges.

For purposes of the present appeal, we need not repeat in detail the facts surrounding defendant's commission of the subject crimes, his trial, or his 1981 conviction, as they are set forth at length in our earlier opinion on direct appeal. Soden I, slip op. at 1-3. We limit our recitation to defendant's sentencing and the motion that led to the order under appeal.

In 1981, a jury convicted defendant of three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3), 2C:14-2(a)(4), 2C:14-2(a)(6); and one count each of first-degree kidnapping, N.J.S.A. 2C:13-1(b), 2C:13-1(b)(2); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3); third-degree criminal restraint, N.J.S.A. 2C:13-2(a); second-degree burglary, N.J.S.A. 2C:18-2; third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

At defendant's sentencing, the trial court judge merged the criminal restraint conviction into the kidnapping conviction, the unlawful possession of a weapon conviction was merged into the possession of a weapon for an unlawful purpose conviction, and the aggravated assault conviction into the

aggravated sexual assault convictions. During sentencing, the judge explained that burglary did not merge with the aggravated sexual assault because the legislature intended the two offenses to remain separate crimes and to punish them separately.

Defendant was sentenced to the following: thirty years imprisonment with fifteen years of parole ineligibility on the kidnapping conviction; ten years imprisonment with five years of parole ineligibility for the burglary conviction; five years imprisonment on the weapons conviction; and twenty years in prison with ten years parole ineligibility on each of the three aggravated sexual assaults. All sentences were ordered to run consecutive, except for the five-year weapons sentence which was ordered to run concurrently. In total, defendant was sentenced to 100 years with a fifty-year period of parole ineligibility.

In 2018, defendant filed his motion to correct an illegal sentence under Rule 3:21-10(b)(5) and to correct a clerical error. In his pro se brief, he argued that the trial court erred by: failing to merge his burglary conviction into his first-degree aggravated sexual assault convictions; failing to merge his possession of a weapon for an unlawful purpose conviction into his aggravated sexual assault convictions; and failing to merge his unlawful possession of a weapon conviction into the burglary conviction. He also argued that the trial

A-1819-19

court failed to vacate the merged convictions. Finally, he argued that his Judgement of Conviction (JOC) erroneously stated that he was convicted for a fourth aggravated sexual assault and a remand was necessary to amend the JOC to reflect it was for aggravated assault.

The motion judge considered the parties' oral arguments on August 2, 2019, and explained that he viewed the application "[i]n essence, [as] a matter for post-conviction relief." Defendant's counsel argued that the law of the case doctrine did not bar defendant's application because the previous appeals did not address the specific merger issues defendant raised in this motion. As to defendant's primary substantive argument—that the burglary conviction should have merged with the aggravated sexual assault conviction—counsel argued that the burglary raised the degree of the sexual assault from second-degree sexual assault to aggravated sexual assault, and that the purpose of his illegal entry into the home was to commit the sexual assault.

Next, counsel argued that defendant's weapon convictions should have merged with the aggravated sexual assault conviction, "primarily for the same legal reasons." She added that there was no special verdict sheet regarding that charge, and where verdict is ambiguous, it should favor defendant, not the State. Counsel briefly noted that defendant believed his second-degree burglary

A-1819-19

conviction and the unlawful possession of a weapon conviction should be merged under the same "legal authorities and premises cited previously."  As to defendant's JOC, counsel explained that the State conceded there was an error with reporting his conviction for a fourth aggravated sexual assault and that error needed to be corrected.

On August 27, 2019, the motion judge denied defendant's application, placing his reasons on the record that day, except as to the error in the JOC, which he agreed needed to be corrected.  After reviewing the circumstances of defendant's criminal acts,[1] the judge explained that pursuant to Rule 3:21-10(b)(5), a motion to correct a sentence may be filed at any time.  He noted that defendant's current motion to correct an illegal sentence was argued under Rule 3:21-10(b)(5) and his previous motion from 2008 argued that his sentence had to be changed under Rule 3:21-10(b)(3).  Despite this difference, the basis for defendant's argument was the same—specifically that his sentence was illegal.

The motion judge then cited to State v. Reldan, 100 N.J. 187, 203-05 (1985), and explained the law of the case doctrine as "a discretionary principle that when applied . . . requires that a decision of law made in [a] particular case

---

[1]  He explained that between 5:30 and 7:00 a.m. on January 1, 1981, defendant entered the victim's home, and sexually assaulted through vaginal, oral, and anal penetration, "using the knife to force [the victim] into performing these acts."

A-1819-19

be respected . . . by all other lower or equal courts during pendency of the litigation." He added that the doctrine "avoids repetitious litigation of the same issue by permitting a court to consider previously litigated issues settled for all subsequent stages of the case." He further explained that the doctrine "should be applied flexibly to serve the interest[s] of justice." To apply the doctrine, a court must consider "relevant factors that bear on the pursuit of justice, and, particularly, the search for the truth." Under these guiding principles and the procedural history of the case, the motion judge concluded that the issue of defendant's sentence had been fully litigated, the law of the case doctrine was applicable, and the doctrine barred defendant's new claims.

Despite this conclusion, the motion judge also addressed the merger issues raised by defendant, and explained that:

> N.J.S.A. 2C:1-8, provides, in pertinent part, that, "[w]hen the same conduct of a defendant may establish commission of more than one offense, the defendant may be prosecuted for each such offense." However, a defendant may be prosecuted for multiple offenses arising from the same conduct, except, if: (1) [o]ne offense is included in the other; (2) [o]ne offense consists only of a conspiracy or other form of preparation to commit the other; (3) [i]nconsistent findings of fact are required to establish the commission of the offenses; or (4) [t]he offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of conduct.

As to defendant's first argument—that his burglary conviction should have merged with his aggravated sexual assault conviction—the judge first explained the statutory requirements to be guilty of aggravated sexual assault under N.J.S.A. 2C:14-2. He then rejected defendant's argument because "[a] number of facts could have elevated defendant's sexual assault conviction to a first[-]degree crime, including the burglary, the kidnapping, his use of a knife during the commission of the sexual assault, [and] his threatening to use the knife for his use of physical force." He added that defendant was found guilty under N.J.S.A. 2C:14-2(a) 3, 4, and 6 and "[t]herefore, any of those factors would have elevated his conviction."

The judge observed that defendant relied on State v. Ramos, 217 N.J. Super. 530 (App. Div. 1987), for support that the burglary conviction should have merged with the aggravated sexual assault conviction; but the judge found State v. Adams, 227 N.J. Super. 51 (App. Div. 1988), more persuasive because in Adams, the Appellate Division explained that if those counts merged, there would be little deterrence to stop an individual from committing a sexual assault during the commission of another crime—such as a kidnapping, robbery, or burglary. He also explained that it was not necessary to prove the burglary in

order to prove the first-degree sexual assault and therefore found that the convictions did not merge.

As to defendant's second argument—that his convictions for sexual assault and possession of a weapon for an unlawful purpose should have merged—the judge, quoting State v. Diaz, 144 N.J. 628, 636 (1996), explained that "merger is required 'when the only unlawful purpose in possessing the weapon is to use it to commit the substantive offense.'" In this case, "the jury was not charged with what specific unlawful purpose . . . defendant had in mind when committing the crime and no special verdict sheet was used. The jury was therefore free to conclude that . . . defendant used the weapon for a number of unlawful purposes." He highlighted that defendant used the knife for several reasons during the commission of his offenses, including using the knife to threaten the victim, to prevent her from resisting the sexual assault, to injure her, and to kidnap her.

The motion judge also noted that the victim's daughter was inside the home at the time of the offense and defendant could have used the weapon to intimidate her. Consequently, "there was sufficient evidence before the jury for them to conclude that . . . defendant had a broader purpose of possessing the knife and only using it for the aggravated sexual assaults."

10

As to defendant's third argument—that the burglary conviction and unlawful possession of a weapon charge should have merged—the judge explained that generally, convictions for the unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) and convictions for possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) merge for the purposes of sentencing. He added that defendant was convicted of burglary under two theories, "that he caused injury to the victim and/or that he possessed a weapon" and that the jury could have elevated the burglary charge based on either theory. Therefore, "the possession conviction does not merge with the burglary conviction."

Additionally, as to defendant's fourth argument—that the sentencing judge did not vacate the merged counts—the motion judge explained that "New Jersey law is clear that merge[d] convictions are not extinguished." As to defendant's final argument—that his JOC should be amended—the judge agreed and determined that it would be corrected under Rule 1:13-1.

That same day, the motion judge issued an order reflecting his oral decision. Defendant's corrected JOC was entered on August 8, 2019. This appeal followed.

We begin by observing that we review de novo a trial court judge's determination of the legality of a sentence. State v. Robinson, 217 N.J. 594, 604

11

(2014). The same standard applies to whether a judge properly merged a defendant's convictions, see State v. Romero, 191 N.J. 59, 80 (2007), and whether the law of the case doctrine was properly applied, see State v. K.P.S., 221 N.J. 266, 276 (2015).

At the outset, we note our disagreement with the motion judge's conclusion that the law of the case doctrine barred defendant's motion. Defendant filed this motion under Rule 3:21-10(b)(5), which provides that "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice . . . ." "The failure to merge convictions results in an illegal sentence for which there is no procedural time limit for correction" because merger implicates a defendant's constitutional rights. Romero, 191 N.J. at 80.

Unless the merger issues had been previously determined, the law of the case doctrine does not bar the issue being raised at any time. The doctrine is "based upon the sound policy that when an issue is once litigated and decided during the course of a particular case, that decision should be the end of the matter." State v. Hale, 127 N.J. Super. 407, 410 (App. Div. 1974). "The law-of-the-case doctrine 'is a non-binding rule intended to prevent relitigation of a previously resolved issue' in the same case." K.P.S., 221 N.J. at 276 (quoting

Lombardi v. Masso, 207 N.J. 517, 538 (2011)).  For example, it "may be applied in a situation where one judge decides a pretrial motion to suppress, but another judge conducts the trial.  In such a case, the decision rendered at the pretrial hearing may be said to be the 'law of the case' during the subsequent trial."  Hale, 127 N.J. Super. at 411.

Importantly, "law of the case may bar a party from relitigating the same issue during the pendency of the same case before a court of equal jurisdiction."  K.P.S., 221 N.J. at 277.  The doctrine is "guided by the 'fundamental legal principle . . . that once an issue has been fully and fairly litigated, it ordinarily is not subject to relitigation between the same parties either in the same or in subsequent litigation.'"  Ibid. (omission in original) (quoting Morris Cnty. Fair Hous. Council v. Boonton Twp., 209 N.J. Super. 393, 444 n.16 (Law Div. 1985)).  The doctrine "should be applied flexibly to serve the interests of justice."  Reldan, 100 N.J. at 205.  The doctrine must also "conform to the due process requirements of our State Constitution."  K.P.S., 221 N.J. at 280.

Here, although the parties dispute the scope of the "issue" that had been previously litigated, and undeniably, defendant's sentence has been evaluated on several grounds and has been upheld on those grounds, no court has previously

13

addressed the actual issues raised in this appeal—merger, which implicates constitutional rights. See State v. Dillihay, 127 N.J. 42, 46 (1992).

Having noted our disagreement with the motion judge about the applicability law of the case doctrine, we nonetheless agree with his ultimate conclusions as to the merits of defendant's contentions about merger. The concept of merger arises from the fundamental principle that a defendant may not be punished for two offenses if he has only committed one. State v. Davis, 68 N.J. 69, 77 (1975); see also State v. Cole, 120 N.J. 321, 325-26 (1990); State v. Frank, 445 N.J. Super. 98, 107-08 (App. Div. 2016) (explaining merger implicates defendant's constitutional rights and prevents multiple punishments for the same conduct). As already noted, the failure to merge convictions when required results in an illegal sentence. Romero, 191 N.J. at 80.

Merger is addressed in N.J.S.A. 2C:1-8, which is based on the concept that "'an accused [who] committed only one offense . . . cannot be punished as if for two.'" State v. Tate, 216 N.J. 300, 302 (2013) (alteration and omission in original) (quoting Davis, 68 N.J. at 77). "Convictions for lesser-included offenses, offenses that are a necessary component of the commission of another offense, or offenses that merely offer an alternative basis for punishing the same criminal conduct will merge." Ibid. The statute provides for the merger of

14

offenses to avoid impermissible multiple convictions for the same conduct and sets forth a series of factors to guide a court in determining whether to bar multiple convictions for conduct that constitutes more than one offense. In particular, N.J.S.A. 2C:1-8(d) requires merger when one offense is established by proof of the same or less than all the facts required to establish the commission of another offense charged. See State v. Mirault, 92 N.J. 492, 502-03 (1983).

To determine whether merger is appropriate, we apply a "flexible standard." Diaz, 144 N.J. at 637 (citing Davis, 68 N.J. at 69); see also State v. Miller, 237 N.J. 15, 32-33 (2019) (discussing Davis approach). "[W]e must first determine whether the legislature has in fact undertaken to create separate offenses." Davis, 68 N.J. at 77-78. After determining the legislature's intent, the next step is to determine whether a defendant, facing separate charges, "can of necessity be convicted of but one crime by application of one of the 'offense-defining' tests for 'sameness.'" Id. at 81.

To resolve that question, "[a]s a practical matter [we may] employ a certain flexibility of approach to the inquiry of whether separate offenses have been established." Ibid. This approach

> would entail analysis of the evidence in terms of, among other things, the time and place of each

purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed.

[Ibid.]

With these guiding principles in mind, we turn to defendant's contention on appeal that he established the "only" factor that could have aggravated his conviction for sexual assaults was the burglary so it should have been merged with his convictions for aggravated sexual assault. He argues that Ramos controls this case and the motion judge erred in ruling that it was unnecessary to prove the burglary in order to prove the first-degree aggravated sexual assault. We disagree.

In Adams, 227 N.J. Super. at 56-57, we departed from our earlier holding in Ramos. In doing so, we relied on the Supreme Court's then recent holding in State v. Miller, 108 N.J. 112, 116 (1987); and the Ramos opinion's failure to address other controlling decisions. Adams, 227 N.J. Super. at 63 (discussing State v. Mosch, 214 N.J. Super. 457, 465 (App. Div. 1986)).

We concluded in Adams that, as in the present case, the defendant's third-degree burglary that was elevated to a second-degree offense because defendant attempted to or caused harm to his victim, properly served as the basis for

16                                                                                          A-1819-19

elevating the sexual assault the defendant also committed to an aggravated sexual assault, "thus advancing it to a crime of the first[-]degree." 227 N.J. Super. at 60. We observed that "under the indictment and based on the evidence and the judge's instructions, the jury could have found attempted aggravated sexual assault based on either an 'aggravated assault on another' or a 'burglary.'" Ibid. Under those circumstances, merger was inappropriate because the facts indicated conduct that constituted violations of different criminal statutes. Id. at 61.

We also explained that "[o]ur reading of the statutory provisions leads us to conclude that the Legislature intended to and did create separate and distinct offenses for burglary and sexual assault which do not merge." Ibid. In so ruling, we reasoned as follows:

> We cannot conclude that the Legislature intended the survival of only one crime when the defendant commits both an aggravated sexual assault or an attempted aggravated sexual assault during the course of one of the crimes listed in N.J.S.A. 2C:14-2[(a)](3), such as a burglary, kidnapping, murder or aggravated assault. It would be incongruous to suppose that a kidnapping, murder or arson . . . would merge with an attempted aggravated sexual assault, even if we merged the 'lesser offense' into the greater. . . . It is difficult to conclude logically that there should be a merger where, as here, in the course of a burglary Adams attempted to commit an act of sexual penetration, and also used physical force or coercion to injure the victim . . . .

17

If the reasoning in Ramos applied, there would be little to deter an individual from committing a sexual assault during a robbery, kidnapping, burglary or any of the other crimes enumerated in N.J.S.A. 2C:14-2[(a)](3).

[Id. at 63-64.]

In enacting N.J.S.A. 2C:14-2(a)(3), the Legislature "intended the crime of aggravated sexual assault to be separate and distinct from the underlying offenses." Cole, 120 N.J. at 330-32 (finding merger inappropriate where "[t]he evidence support[ed] three possibilities that could raise defendant's conviction for sexual assault to aggravated sexual assault," namely, the commission of a robbery, kidnapping, or aggravated assault); see also Adams, 227 N.J. Super. at 66-67 ("The harm from the attempted aggravated sexual assault is of a different nature from that involved in the burglary. . . . The fact that it is committed during the course of one of the crimes enumerated in N.J.S.A. 2C:14-2(a)(3) only enhances the potential risk of harm to the victim.").

Similar to Adams, defendant here was convicted of both aggravated sexual assault and burglary, as well as kidnapping and aggravated assault. Although burglary, kidnapping, and aggravated assault are each statutory elements of aggravated sexual assault, the convictions should not be merged with the aggravated sexual assaults, as the crimes represent distinct harms to the victim.

Finally, as the jury convicted defendant of all three crimes, either kidnapping or aggravated assault alone or together could have served to elevate his conviction to first-degree aggravated sexual assault; moreover, burglary is simply not an element of any of these offenses. The evidence supported several possibilities that could have enhanced the sexual assault to an aggravated sexual assault, making merger inappropriate, including that defendant used coercion against the victim and the victim sustained "severe personal injury." N.J.S.A. 2C:14-2(6); see Cole, 120 N.J. at 330-32.

Next, we consider defendant's contention that his convictions for third-degree possession of a weapon for an unlawful purpose and first-degree aggravated sexual assault should have been merged. We disagree.

"Merger is not required when the evidence submitted to the jury is sufficient to permit it to determine that defendant possessed the [weapon for] an unlawful purpose independent of the greater offense" and importantly, "when the jury has been properly instructed and those instructions do not restrict the jury's consideration of the unlawful purpose only to commission of the greater offense for which defendant was found guilty." Diaz, 144 N.J. at 632 (emphasis added). In State v. Williams, 213 N.J. Super. 30 (App. Div. 1986), where the jury's verdict was ambiguous, and the defendant was convicted of possession of

19

a weapon for an unlawful purpose and manslaughter, we explained there are four

conditions to merger under the circumstances,

> (1) the defendant must have been charged in the indictment with possession of the weapon with a broader unlawful purpose, either generally or specifically, than using the weapon to kill or assault the victim of the greater offense, (2) the evidence must support a finding that the defendant had a broader unlawful purpose, (3) the judge must have instructed the jury of the difference between possession with the specific unlawful purpose of using the weapon against the victim of the greater offense and a broader unlawful purpose and (4) the verdict must express the jury's conclusion that the defendant had a broader unlawful purpose.
>
> [Williams, 213 N.J. Super. at 36].

The third factor is essential because "'[a] jury is not qualified to say

without guidance which purposes for possessing a gun are unlawful under

N.J.S.A. 2C:39-4(a) and which are not.'"  Diaz, 144 N.J. at 640 (alteration in

original) (quoting State v. Jenkins, 234 N.J. Super. 311, 316 (App. Div. 1989)).

In other words, where the jury's verdict does not reflect what charge or other

"broader unlawful purpose" the jury relied upon, we "may not assume, that the

verdict on possession of the gun for an unlawful purpose was for a broader

unlawful purpose than" the greater offense with which the defendant was

charged and convicted.  Ibid.  As the Diaz Court articulated, "[w]e hold that

20

when a trial court declines to use a special verdict but there is sufficient evidence before the jury to support a finding of a broader purpose to use the weapon unlawfully . . . and the trial court gives a proper jury instruction that does not include an instruction that the unlawful purpose is the same as using the weapon to commit the substantive offense, merger is not required." Id. at 638-39.[2]

Where "[t]he evidence tends to prove that defendant possessed the weapon unlawfully only to commit the substantive offense [and n]o broader unlawful purpose [is] supported directly or circumstantially by the evidence," merger is appropriate. Tate, 216 N.J. at 311 (emphasis added). Even when evidence of other offenses exists, if "the jury is explicitly instructed that the unlawful purpose was to use the gun against the victim of the substantive offense . . . merger is required notwithstanding that the evidence was sufficient to support a separate unlawful purpose." Id. at 313 (omission in original) (quoting Diaz, 144 N.J. at 641).

Here, defendant's conviction for possessing a weapon—a knife—for an unlawful purpose was not supported with a special verdict sheet, and the

---

[2] In Diaz, the trial judge explained to the jury that the State had the burden of proving that the defendant possessed the gun for the purpose "of using it unlawfully 'against the person or property of another,'" but the court did "not instruct the jury what the alleged unlawful purposes were based on the evidence presented." 144 N.J. at 640.

indictment and the trial court judge's instructions did not specify any purpose, other than "to use it unlawfully against" his victim. The indictment therefore satisfied the first requirement that defendant be generally charged with an unlawful purpose. Moreover, the second requirement was satisfied by the evidence adduced at trial that included defendant's use of the knife in kidnapping the victim and in his aggravated assault of her by the cutting of her hand during the commission of these crimes. From the evidence presented, the jury reasonably could have concluded that defendant had a broader purpose in possessing the knife than only to sexually assault the victim.

As to the third factor, the trial court judge explained to the jury that the indictment charged defendant with "knowingly and unlawfully . . . possess[ing] and carry[ing] a certain weapon, to wit, a knife with the purpose to use it unlawfully against the person of [the victim]." He further explained that under the statute,

> A person who has in his possession any weapon with a purpose to use it unlawfully against the person or property of another is guilty of a crime. The elements that the State must prove beyond a reasonable doubt are: One, that the defendant possessed a weapon, namely a knife. Two, that the defendant knew that it was capable of causing sever[e] bodily injury or death to another. And three, that it was the defendant's purpose to use it unlawfully against another.

. . . .

> [T]he third element, purposely to use a weapon unlawfully against another needs some explanation.
>
> A person acts purposely with respect to the possession of a weapon with the purpose to use it unlawfully against another if it is his conscious object to possess the weapon for that purpose. And purpose may be gathered from his acts and conduct; that is, you may find that the defendant had the requisite purpose on the basis of all that was said and done at the particular time and place and from all the surrounding circumstances.

The trial court did not include an instruction that defendant's unlawful purpose in possessing the knife was to use it to commit the sexual assault, but instead the purpose was to use it "against" the victim. However, he also instructed that in determining that purpose, the jury could consider "all the surrounding circumstances" and identify his purpose in light of "all his acts and conduct." This instruction therefore included consideration of the other crimes committed and suggested a broader purpose than the aggravated sexual assaults.

As there was no possible lawful purpose in defendant possessing a knife and using it against the victim in this case, this instruction was sufficient because the indictment never alleged a specific unlawful purpose, the instruction was broad enough to include all of defendant's illegal purposes, and it was consistent with the general language of the indictment.

Finally, the jury found defendant guilty of burglary, aggravated assault, aggravated sexual assault, and kidnapping, among other crimes. Thus, the verdict expresses that the jury believed defendant's broader purpose encompassed crimes other than the sexual assault. Under these circumstances, merger was not an option.

We next consider defendant's argument that his conviction for fourth-degree unlawful possession of a weapon should have merged with his second-degree burglary conviction. According to defendant, his purpose in possessing the knife was to commit the burglary. He contends the motion judge "erred in ruling that the jury could have elevated the burglary charge based on the two weapons convictions or the aggravated assault charge." Defendant states, without explanation, that we should vacate the merger of the weapons offenses and instead merge the unlawful possession of a weapon conviction with the burglary conviction, apart from arguing that his purpose in possessing the knife was to commit the burglary. Here, again, we disagree.

In his indictment, defendant was charged with and later convicted of burglary "by willfully entering an occupied structure, to wit: the residence of [the victim], with the purpose to commit an offense therein and in the course of committing said offense or offenses: 1. [k]nowingly or recklessly inflicted

24

bodily injury upon [the victim], and/or 2. [w]as armed with a deadly weapon, a knife."  He was also charged with and later convicted of committing fourth-degree unlawful possession of a weapon and third–degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).  At sentencing, the trial court merged the former with the latter.

The trial court judge's burglary instruction to the jury included his reading the indictment that stated "[defendant] . . . did commit the crime of burglary by willfully entering an occupied structure, to wit, the residence of [the victim] with the purpose to commit an offense therein and in the course of committing said offense or offenses, <u>one knowingly or recklessly inflicted bodily injury upon [the victim] and/or was armed with a deadly weapon, a knife</u>."  (Emphasis added).

However, in his charge to the jury as to the elements of the burglary, the trial court judge did not include that the State had to prove injury to the victim or that defendant possessed a knife.  Rather, he explained "the State must prove beyond a reasonable doubt the following elements:  [o]ne, that . . . defendant entered the residence of [the victim] without permission.  And, two, that . . . defendant entered the premises with the purpose to commit an offense therein."  He also explained that "the State charge[d] that the defendant entered the

premises with the purpose to commit the crime of sexual assault." But he did not specifically instruct the jury that they had to find he carried a knife or that he injured the victim.

The charges as to the weapons offenses did not include a requirement that there has been proof of a burglary to establish defendant's guilt. Rather, the "proof required for conviction under N.J.S.A. 2C:39-5(d) is the knowing possession of a weapon under circumstances not manifestly appropriate for a lawful use." State v. Jones, 213 N.J. Super. 562, 568 (App. Div. 1986). As to the possession of a weapon for an unlawful purpose, "[u]nder N.J.S.A. 2C:39-4(d), 'in addition to proving knowing possession of a weapon, the State must prove an unlawful purpose.'" Ibid. Therefore, "all the elements of N.J.S.A. 2C:39-5(d) are part of the proof necessary to establish a violation of N.J.S.A. 2C:39-4(d)." Ibid. As such, the merger of those two counts was proper. Ibid.

The weapons charges could not be merged with the burglary because as the trial court judge instructed, the State needed only to prove that defendant entered into the residence without permission with the intent to commit any unlawful act. Possessing a weapon unlawfully for an unlawful purpose was not an element of the offense. In any event, defendant was also convicted of aggravated assault, which supported his second-degree burglary conviction.

A-1819-19

The trial court judge correctly did not merge the weapons and burglary convictions and, contrary to defendant's argument, his separate sentencing on the merged weapons offenses and burglary did not constitute impermissible double counting, which occurs when a defendant's conduct is used to prove an element of the offense and is used again as an aggravating factor in sentencing. State v. Lawless, 214 N.J. 594, 608 (2013).

Defendant's final argument on merger is that the motion judge failed to vacate the merged counts. Although he recognizes that the judge was "correct that merged counts are not extinguished," defendant maintains that "merger issues are posed as questions of whether or not one offense merges into another, suggesting that an existing offense is overwhelmed by another and disappears into it." Defendant contends that "it would seem more appropriate to conceptualize the convictions as merger with one another and the surviving greater conviction being the single offense for which, in the final analysis, the defendant was liable all along."

We conclude that defendant's argument in this regard is without sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2). Suffice it to say that despite defendant's concession that merged convictions are not extinguished, see State v. Pennington, 273 N.J. Super. 289, 295 (App. Div.

1994), his suggestion that he was in effect only guilty of the greater offense merely restates the call for extinguishing the merged convictions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION